PRIEBE *v.* PRIEBE.

1. DIVORCE—PROPERTY SETTLEMENT.
    Property settlement between husband and wife, pending suit for divorce, later embodied in decree to husband, which was fair to wife, and to which she freely consented, should not be disturbed, on wife's appeal.

2. SAME—CRUELTY.
    Decree of divorce to husband, on ground of cruelty, *held*, justified by record.

Appeal from Macomb; Barton (Joseph), J., presiding. Submitted April 8, 1930. (Docket No. 19, Calendar No. 34,700.) Decided June 2, 1930.

Bill by Gust Priebe against Helen Ranyak Betras Kufcas Priebe for divorce. Cross-bill by defendant for divorce. From a decree for plaintiff, defendant appeals. Affirmed.

*Peter P. Boyle (Clifford A. John,* of counsel), for plaintiff.

*Thomas W. Thompson* and *George H. Lovequist,* for defendant.

*Lungerhausen, Weeks, Lungerhausen & Neale,* by *Hugh H. Neale,* former attorneys for defendant, filed an intervening brief.

McDONALD, J. This is an appeal from a decree in which the plaintiff was granted a divorce. The parties were married June 19, 1926. They lived together until about December 28, 1928. The plaintiff

False charges by wife as entitling husband to divorce on the ground of extreme cruelty, see annotation in 18 L. R. A. (N. S.) 312.

was 47 years of age and the defendant 32. No children were born of the marriage. The plaintiff left home and filed a bill for divorce charging cruelty. The defendant filed an answer, and later, after the testimony was closed, was permitted to file a cross-bill in which she charged cruelty. On the hearing, after both the parties had testified, they got together with their attorneys and agreed on a property settlement. In accordance therewith, a stipulation was dictated into the record in the presence of both parties and with their consent. In regard to the divorce, it was agreed that the question should be submitted to the court without further testimony. The decree awarded the divorce to the plaintiff, and embodied the terms of the property settlement. It was signed and approved by the attorneys of both parties. Subsequently the defendant repudiated the agreement, secured a substitution of attorneys, and appealed to this court.

The defendant is a capable woman of considerable business experience. She was represented by able and honorable counsel. The stipulated agreement gave her all that she could reasonably claim. It was a fair settlement. She freely consented to it. There is not the slightest evidence of "mistake, fraud, or unconscionable advantage." Therefore, in respect to the property award, the decree will not be disturbed. The only question is whether the court was right in granting the plaintiff the divorce. We think he was. These parties have become hopelessly estranged, due in large measure to the conduct of the defendant. They had frequent quarrels, in which she called him obscene names and threatened him with violence. She refused to cohabit with him and accompanied her refusal with vile suggestions which we do not care to specify.

Much of their trouble arose from the manner in which she handled his money and other property; and, as to this, the evidence shows he had real cause for complaint. It is not necessary to detail here all of the trouble which marred the domestic life of this couple. It is sufficient to say that the record shows the defendant was at fault and that the plaintiff is entitled to a decree for divorce. The decree is affirmed.

WIEST, C. J., and BUTZEL, CLARK, POTTER, SHARPE, NORTH, and FEAD, JJ., concurred.